**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INTEGRA BANK N.A., a National**
    **Banking Association,**

    **Plaintiff,**

v.                                              Civil Action No. 6:06-CV-01952-PCF-DAB

**LOUIS J. PEARLMAN, an individual,**
**and TRANS CONTINENTAL**
**AIRLINES, INC., a Florida corporation,**

    **Defendants.**

## ORDER DIRECTING PRODUCTION OF DOCUMENTS BY DEFENDANTS

Before the Court are Plaintiff Integra Bank N.A.'s ("Integra") Motion for Temporary Restraining Order, Emergency Motion to File Under Seal, and Motion for Judicial Notice (Doc. Nos. 12, 13, and 14, filed January 24, 2007). The Court set all three motions for hearing on February 2, 2007 pursuant to its Order of January 24, 2007 (Doc. No. 15, filed January 24, 2007). Defendants Louis J. Pearlman ("Pearlman")[1] and Trans Continental Airlines, Inc. ("TCA") (collectively "Defendants") filed a response to Integra's Motion for Temporary Restraining Order (Doc. No. 19, filed February 1, 2007), which the Court set for hearing as a Motion for Preliminary Injunction, on February 2, 2007. Having read the record of this case and heard the argument of counsel for all parties, the Court makes the following findings of fact and conclusions of law and enters its order as follows:

---

[1] Pearlman is described in the documents filed with the Court variously as Chairman and CEO and President of TCA.

**FINDINGS OF FACT**

1. On September 18, 2004, Integra and TCA entered the Credit Agreement and the related Term Note and Revolving Note (collectively the "TCA Financing").

2. On December 14, 2006 Integra gave notice to TCA of its default on the TCA Financing by among other things failing to make payments on the financing as required by the Credit Agreement, and on December 28, 2006, Integra filed suit against TCA and Pearlman seeking damages for breach of contract.

3. Section 5.9 of the Credit Agreement requires TCA to maintain accurate books and records, and Section 5.1(g) of the Credit Agreement provides Integra the right, among other things, to visit TCA and inspect those books and records without notice following a default on the financing from Integra.

4. On January 22, 2007, Integra demanded access to TCA's books and records, pursuant to Section 5.1(g) of the Credit Agreement between the parties.

5. Integra's January 22, 2007 demand letter was delivered to Defendants through a number of means, with the earliest notice occurring on the receipt of an e-mailed copy of the demand to, among others, Amanda Newland, executive assistant to Pearlman. A copy of Ms. Newland's e-mail confirming her receipt of the demand at 10:51 a.m. on January 22, 2007, is included in Exhibit 3 to Integra's Notice of Filing Affidavit of Non-Service Regarding Louis J. Pearlman. (Doc. No. 18, filed January 30, 2007).

6. Integra's January 22, 2007 letter asked TCA to allow Integra to inspect the books and records on January 24, 2007 at 10:00 a.m., which request was not honored by TCA.

7.  As of February 2, 2007, the date of the hearing on this matter, Defendants have not provided Integra with the access to such documents authorized by Section 5.1(g) of the Credit Agreement. Thus, ten days have passed since the date of Integra's demand.

8.  In their response Defendants do not dispute any of the factual allegations contained in Integra's Motion for Temporary Restraining Order. The only matter disputed by Defendants is the question of whether Integra provided reasonable notice of its demand for inspection of documents.

## ANALYSIS

Whether analyzed under a standard for granting a preliminary injunction or as a motion to expedite discovery, Integra has shown a heightened need to have access to the documents requested.

**I.      Standard for a Preliminary Injunction**

In deciding whether to grant a temporary restraining order, the Court must consider four factors: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted and the injury is so imminent that notice and a hearing is impractical; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Local Rule 4.05(b)(2),(4). Defendants do not contest Integra's allegations with regards to the existence of irreparable injury, the balance of harms or that the relief sought would serve the public interest, so the allegations in Integra's Motion for Temporary Restraining Order are deemed established. Each of these factors weighs in Integra's favor. The only issue disputed by Defendants is whether the notice provided by Integra was

reasonable, which pertains to the question of the likelihood that Integra will succeed on the merits.

Integra has established that it is likely to succeed on the merits of its claim for breach of the Credit Agreement due to TCA's refusal to honor Integra's rights. The Credit Agreement requires TCA to make and keep books and records that accurately reflect its transactions and the dispositions of it assets in reasonable detail. The Credit Agreement clearly provides Integra with the right to inspect those books and records, to make copies and take extracts from TCA's books and records, to discuss TCA's books and records with TCA's directors, officers, employees, and independent accountants, and to examine and verify TCA's accounts, inventories, and other properties and liabilities. As TCA was in default on the TCA Financing, TCA is not entitled to receive seven days' notice of Integra's decision to exercise its right to inspect TCA's records and books. Integra demanded access to TCA's books and records as allowed by Section 5.1(g) of the Credit Agreement. Ten days have passed since such notice was given to Defendants by Integra, and TCA has refused to this date to permit Integra's inspection.

Integra has shown a substantial likelihood of success on the merits. Integra has presented evidence satisfying all of the elements for a breach of contract under New York law. *See Blue Water Env't, Inc. v. Village of Bayville, N.Y.*, 824 N.Y.S. 2d 752 (N.Y. App. 2006) Section 5.1(g) of the Credit Agreement grants Integra several rights with regards to the business records and financial information of TCA, Integra has sought to exercise those rights, and TCA has refused to comply. Defendants' continued failure to provide Integra with the access required by Section 5.1(g) demonstrates that Defendants' resistance to Integra's demand is not being made in good faith. Defendants have received sufficient notice of Integra's demand to inspect the

4

records of TCA, and there has been a failure by them without sufficient cause shown to comply with Integra's request and this provision of the contractual relationship between the parties.

Fed. R. Civ. P. 65(c) contemplates that a party seeking injunctive relief may be required to post bond with the court to guard against "such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." However, a bond is unwarranted in the instant case, since Integra's motion only seeks to enforce its unambiguous contractual rights against a recalcitrant TCA.

Integra has shown that documents may be altered or destroyed if access is not provided, that there is little if any potential harm to the Defendants if an order directing that Integra be given access for inspection and information is entered, and that the public interest is promoted by enforcing the terms of a contract. Therefore Integra has shown the requisites for issuance of a preliminary injunction.

## II.     Federal Rules of Civil Procedure 26(d) and 34(b).

The Federal Rules of Civil Procedure relating to discovery in federal court proceedings expressly provide that a Court may shorten the time for a party to provide discovery. Fed.R.Civ.P. 26(d) and 34(b). For the reasons stated above in the analysis of the standard for issuance of a preliminary injunction, Integra has shown the need for a shortened time period in which to obtain inspection of the documents described below under the rules of discovery.

## Conclusion

I.     Accordingly, Defendant's Motion at Docket Number 12 shall be treated as an emergency motion for discovery and for enforcement of contract rights, and it is **GRANTED** as follows: Defendants Louis J. Pearlman and Trans Continental Airlines, Inc., together with their agents,

5

employees, representatives, and all persons acting by, through or for them or on their behalf, shall:

1. Provide access to Integra or its designees to the following documents of Defendant TCA by **no later than 2:00 p.m., Eastern Standard Time, on February 2, 2007 at the offices of Trans Continental Airlines, Inc. at 127 West Church Street, Suite 350, Orlando, Florida:**

For each of the following periods:

A. The period May 1, 2006 through December 31, 2006
B. The Fiscal year ended April 30, 2006
C. The Fiscal year ended April 30, 2005
D. The Fiscal year ended April 30, 2004

    I. Financial Statements (including, but not limited to, income statements, balance sheets, P&L statements, etc.) and supporting data
a. Trial balance report
b. Bank statements and reconciliation reports
c. Detailed general ledger report for the following account categories:
    i. Cash
    ii. Funds held by Bond Trustee
    iii. Notes Payable
    iv. Long term Debt
    v. Stockholder's Equity
    vi. Other Operating Revenue
    vii. Other Income
    viii. Interest Income
    ix. Interest Expense
d. Detailed check/disbursement register
e. Detailed list of all Aircraft and equipment in the fleet
    i. Indicate if the aircraft is owned or leased
    ii. Lease agreements for all leased aircraft or equipment

    II. Tax returns (filed copy)
a. Federal tax return Form 1120
    i. A complete copy including all pages and all supporting schedules including:
      ➢ Schedule E
      ➢ Schedule L
      ➢ Schedule M-1
      ➢ Schedule M-2

      ii. Provide supporting documentation or analysis for items identified on Schedules M-1 and M-2.
- b. Proof of tax payments (including cancelled checks and estimated tax vouchers)

III. Stockholder Equity
- a. A detailed list of shares issued including the following:
    - i. Certificate number
    - ii. Shares issued
    - iii. Date shares were issued
    - iv. Class of shares
    - v. Shareholder
    - vi. Purchase price and/or other consideration

IV. Other
- a. Corporate organization chart
- b. Personnel organization chart
- c. Detailed list of all partnerships where TCA is a member/partner
    - i. Form K-1 for each of the partnerships
- d. Minutes of the Board of Directors and any Sub Committees
- e. Loan agreements
- f. Detailed list of customer lease and charter agreements including the following:
    - i. Customer name
    - ii. Commencement date and termination date
    - iii. Rates
- g. Detailed list of ground facility lease agreements including the following:
    - i. Location/use
    - ii. Commencement date and termination date
    - iii. Rates
    - iv. Landlord

V. Affiliated Entities
- a. For each of the following affiliated entities, provide a copy of (i) any guarantee agreement by TCA involving such entity and (ii) audited financial statements:
    - i. Airship International Ltd.
    - ii. Planet Airways, Inc.
    - iii. Trans Continental Pictures, Inc.
    - iv. Trans Continental Records, Inc.
    - v. Any other entities or persons whose loans are guaranteed by TCA.

To the extent that any of the above listed documents are not produced to Integra at the time and place stated above, Defendants shall supply Integra with a writing which

7

specifically identifies each document not produced and states the current location of each such document and the name and address of its custodian.

2. Defendants shall not alter, change, modify, destroy or conceal the books and records of TCA.

II. Integra's Emergency Motion to File Under Seal (Doc. No. 13, filed January 24, 2007) is **DENIED.** The Clerk is directed to return the exhibits to Integra's Emergency Motion to File Under Seal to counsel for Integra to be refiled as a public document, if appropriate.

III. Consideration of Integra's Motion for Judicial Notice (Doc. No. 14, filed January 24, 2007) is deferred until the time for Defendants to respond pursuant to Local Rule 3.01(b) has expired.

**DONE** and **ORDERED**, in Orlando, Florida, at _12:44_p.m this 2nd of February, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of Record